NEW-YORK.
May, 1828.

Lisher
v.
Parmelee.

LISHER *vs.* PARMELEE.

SAME *vs.* MYGATT.

SAME *vs.* STEBBINS.

Where there are two actions depending between the same parties, one of which only is noticed for trial, the notice must *specify* the action *cify* the action intended to be tried, or it will be considered insufficient. When the object of a special motion, of which notice has been given, is attained, and the party moving would be entitled to the effect of his motion if made, he will not be subjected to costs, tho' he countermands his notice, and omits to bring on his motion.

THE plaintiff commenced two suits against each of the defendants, in slander. The words charged in one declaration were for slandering the plaintiff as a *clergyman*, in the other for slandering him as a *merchant*. The causes were put at issue in September last. On Saturday, the 29th March, at ½ past seven P. M. a notice of trial was served on the defendants' attorney in three causes, one against each defendant, for the 7th April. Immediately on receiving the notice, the plaintiff's attorney addressed a note to the plaintiff's *counsel*, residing in the same village with him, where also the plaintiff resided, though the plaintiff's *attorney* resided at the distance of 22 miles, desiring to know *which three causes* were intended to be tried; to which the plaintiff's counsel answered that he was not informed. On Monday (31st March) the plaintiff's counsel informed the defendant's attorney that the plaintiff would try the suits in which he had declared for slander of him as a clergyman, if he could obtain his witnesses; otherwise he would try the other suits. On an affidavit of these facts, and that the defence of each set of suits would require different witnesses, and that in one set of suits at least thirty witnesses residing in several counties would be necessary for the defendants, whose testimony would not be required in the other set of suits, an order to stay proceedings was obtained from a commissioner, which, with a notice of a motion to this court to set aside the notices of trial as vague and indefinite, was served on the plaintiff's attorney on Tuesday (1st April.) On the evening of that day the defendant's attorney was informed that the actions for slander as a *merchant* only would be tried, and on the next day he was desired to waive the order to stay proceedings, which he refused; and on application to the commissioner, he also refused to revoke the same. The circuit having passed, the defendant, on the 24th April, countermanded his notice of

motion to this court, upon which the plaintiff's attorney gave notice of his intention to apply to this court for costs of preparing his causes for trial, and for the costs of the motion.

*A. Loomis,* for plaintiff.

*S. Beardsley,* for defendant.

*By the Court,* WOODWORTH, J. The motion is denied, with costs to be paid by the plaintiff. Under the peculiar circumstances of these cases, the notices of trial served on the 31st March were insufficient, as not apprising the defendant of the causes intended to be tried ; and when, on the evening of the 1st April, the notices were made definite, the defendants had but five full days left, in which to prepare for trial. The plaintiff had held the defendants to the strictest practice, by giving notice at the latest possible moment, and he should have seen that the notice thus given was perfect, as to the end for which notice is given. He is therefore not entitled to costs for preparing for trial, nor can he ask costs for the omission of the defendants to follow up their notice of motion to this court. They could have no motive in pursuing that notice, but to fix a bill of costs upon the plaintiff. The notice, accompanied with the order to stay proceedings, had effected the object of the defendants, by relieving them from the necessity of proceeding to trial without due notice, and the opinion now pronounced shows that had the defendants made their motion and not countermanded it, they would have succeeded. The plaintiff, therefore, instead of being injured, is benefitted by the countermand.

Motion denied.